**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| ELIJAH WATSON, : | |
| : | |
| Plaintiff : | |
| : | |
| : | |
| v. : | CASE No.: 1:13-CV-170 (WLS) |
| : | |
| DIVISION OF CHILD SUPPORT : | |
| SERVICES and Ms. GINA LOUIS, : | |
| : | |
| Defendants. : | |
| : | |

## **ORDER**

On November 5, 2013, the Court granted Plaintiff Elijah Watson's Motion to Proceed *In Forma Pauperis* and ordered him to submit an amended complaint by November 19, 2013, setting forth factual allegations to establish a claim cognizable by 42 U.S.C. § 1983. (Doc. 4.) On November 12, 2013, Plaintiff filed an Amended Complaint alleging that the Georgia Division of Child Support Services ("DCSS") and its agent Ms. Gina Louis violated his Fourteenth Amendment equal-protection rights. (Doc. 5.) After reviewing Plaintiff's Amended Complaint, the Court finds that it is no less deficient than the initial complaint and should therefore also be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Once a Court has confirmed a plaintiff's indigent status, as this Court has already done here (*see* Doc. 4), Section 1915(e)(2) requires a court to dismiss an indigent party's case at any time if the court determines that the party's action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. The Court acknowledges that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed

1

for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hyland v. Kolhage*, 158 F. App'x 194, 196 (11th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)). However, the Court also recognizes that "even in the case of *pro se* litigants this leniency does not give a court license to serve as a *de facto* counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). In summary, "[c]ourts show leniency to *pro se* litigants, however, *pro se* litigants are still required to conform to the procedural rules, and the court is not required to rewrite deficient pleadings." *Jacox v. Dep't of Def.*, 291 F. App'x 318, 318 (11th Cir. 2008) (citing *GJR Invs.*, 132 F.3d at 1369).

Plaintiff's Amended Complaint alleges that DCSS, a state agency, and Ms. Louis denied him equal protection when Ms. Louis stated that Plaintiff "should not be a certified nursing assistant (CNA) but, rather that [he] should be a fast food worker, Target worker, stocker at Walmart, or a worker on the back of a dock." (Doc. 5.) Per Plaintiff, this statement violated his constitutional rights because it is "illegal to discriminate against blacks by assigning them inferior legal and economic status." (*Id.*)

First, Plaintiff's Complaint fails as to DCSS because DCCS, as a state agency, is not a "person" for the purpose of section 1983. *McCall v. Dept. of Human Resources*, 176 F. Supp. 2d 1355, 1363 (M.D. Ga. 2001) ([S]tates, state agencies, and state officials acting in their official capacities cannot be sued under § 1983.") (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989))). Moreover, Plaintiff has not alleged that the State of Georgia or DCSS has waived its sovereign immunity, nor is there any evidence of such a waiver. Thus, even if there did not exist a statutory basis for DCSS's

dismissal, in the absence of an allegation that DCSS is not considered an "arm of the state," the Eleventh Amendment also bars Plaintiff from bringing suit against DCSS in federal court under section 1983. *See Taylor v. Dept. of Public Safety*, 142 F. App'x 373, 374 (11th Cir. 2005) (affirming district court's dismissal of 42 U.S.C. § 1983 action on the grounds that "this case was brought against state agencies, which are not "persons" for purposes of § 1983 and which enjoy the same Eleventh Amendment immunity as does the State of Georgia"). Accordingly, Plaintiff's Amended Complaint is **DISMISSED** as against DCSS.

While Ms. Louis, in her individual capacity, is amenable to suit under § 1983 as a "person" contemplated by the statute, *see Hobbs v. Roberts*, 999 F.2d 1526, (11th Cir. 1993) (noting that employees for state agencies "may be liable in their individual capacities for acts performed in state employment, that is, as state agents"), Plaintiff's Complaint is dismissed against her as well. Plaintiff has not alleged that Ms. Louis's actions deprived him of any constitutional right; he has only alleged that her statements were offensive to him. Therefore, although the Court does not condone Ms. Louis's alleged statements, without more, said statements fail to rise to the level of an actionable constitutional deprivation. Accordingly, Plaintiff's Amended Complaint is **DISMISSED** against Ms. Louis for failure to state a claim cognizable under § 1983.

## CONCLUSION

Based on the reasons articulated above, Plaintiff's Amended Complaint (Doc. 5) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this   15th   day of November 2013.

/s/ W. Louis Sands
**W. LOUIS SANDS, UNITED STATES DISTRICT COURT**